# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2022

Lyle W. Cayce
Clerk

No. 20-60449

Doris Griselda Soriano-Salinas; Richardson Estiven Ramos-Soriano,

*Petitioners,*

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 975 778
BIA No. A212 975 777

---

Before Jones, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner Doris Griselda Soriano-Salinas is an immigrant from Honduras seeking asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her child, Richardson Estiven Ramos-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60449

Soriano, seeks derivative asylum. Both the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) denied their claims. We DENY their petition for review of the BIA decision.

## I.

Doris Griselda Soriano-Salinas and her older son, Richardson, natives and citizens of Honduras, entered the United States without being admitted or paroled. They were served with notices to appear charging them with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, the petitioners admitted the factual allegations and conceded that they were removable as charged. They then filed applications for asylum, withholding of removal, and protection under the CAT.

Soriano-Salinas claimed membership in a particular social group defined as "women in a domestic relationship in Honduras who are unable to leave the relationship," and her son claimed membership in a particular social group consisting of "family members in a relationship who are unable to leave the relationship." Soriano-Salinas testified that she feared returning to Honduras because her former partner had psychologically and physically abused her and Richardson. At one point, her partner was arrested, but she withdrew the report within twenty-four hours so that he would be able to leave police custody and return home. The physical abuse continued, but Soriano-Salinas did not file another police report or leave the relationship because she stated she loved him. Eventually she decided to leave and fled to the United States with Richardson. Since fleeing, she has received threatening messages from her former partner.

The IJ denied the applications. The IJ determined that the petitioners were not entitled to asylum or withholding of removal because they had failed to demonstrate that they were subjected to past persecution or that they faced a clear probability of future persecution on account of a protected ground.

2

No. 20-60449

After determining that the proposed social group consisting of "Honduran women unable to leave domestic relationships" might be cognizable, the IJ determined that Soriano-Salinas failed to demonstrate that she was a member of that particular social group. The IJ further found that her fear of future persecution was not objectively reasonable because her partner had left the relationship and the police encouraged her to proceed with criminal charges against her partner. Finally, the IJ concluded that the petitioners were not entitled to protection under the CAT because they did not demonstrate that it was more likely than not that they would be tortured with government acquiescence if forced to return to Honduras.

The petitioners appealed, arguing that: (1) the IJ failed to determine whether the proposed social group was cognizable; (2) the IJ erred in determining that Soriano-Salinas was not a member of her proposed social group; (3) the IJ failed to address the request for humanitarian asylum; (4) the IJ applied the wrong standard in determining that they were not entitled to protection under the CAT; and (5) the IJ should have terminated the removal proceedings because the notice to appear was defective.

The BIA affirmed the IJ's decision and dismissed the appeal. Initially, the BIA determined that jurisdiction properly vested with the IJ and that termination of the proceedings on jurisdictional grounds was not warranted. The BIA then concluded that the proposed social group was not cognizable because it was amorphous and did not exist independently of the harm asserted. Additionally, the BIA held that the IJ did not err in failing to address the petitioners' humanitarian asylum claim because they failed to demonstrate that they were subjected to past persecution on account of a protected ground. Finally, the BIA held that the IJ applied the correct standard in determining that the petitioners were not entitled to protection under the CAT because they had failed to demonstrate that it was more likely

No. 20-60449

that not that they would be tortured with government acquiescence if forced to return to Honduras.

The petitioners filed a timely petition for review. *See* 8 U.S.C. § 1252(b)(1).

## II.

This court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, this court may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

## III.

To establish eligibility for asylum or withholding of removal, an applicant must prove that she is unwilling or unable to return to her home country because of persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 149-50 (5th Cir. 2019) (withholding); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (asylum). "[A] particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

This court had previously determined that petitioner Soriano-Salinas' group is not cognizable as a particular social group because it is defined by the persecution of its members. *Gonzales-Veliz*, 938 F.3d at 232

4

("'Honduran women unable to leave their relationship' is impermissibly defined in a circular manner. The group is defined by, and does not exist independently of, the harm—i.e., the inability to leave."). However, that decision relied on *Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018) (*A-B- I*), which was recently vacated by the Attorney General's decision in *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021) ("*A-B- III*").

Nevertheless, several months ago we reaffirmed that the group "Honduran women who are unable to leave their domestic relationships" is not cognizable as a particular social group. *See Jaco v. Garland*, 16 F.4th 1169, 1176, 1181 (5th Cir. 2021). In that case, the court held that *Gonzales-Veliz* "remains the law" of the Fifth Circuit following *A-B- III*. *Jaco*, 16 F.4th at 1176. The *Jaco* decision further states that "even if *Gonzales-Veliz* were not good law," "multiple factors" counsel against recognizing that petitioner Soriano-Salinas' proposed group as a particular social group. *See Jaco*, 16 F.4th at 1179. Accordingly, under both *Jaco* and *Gonzales-Veliz*, Soriano-Salinas' group of "Honduran women unable to leave their domestic relationship" is not a cognizable particular social group. *Id.* at 1181; *Gonzales-Veliz*, 938 F.3d at 232. Her son's derivative claim similarly must fail. Because the petitioners fail to present a cognizable particular social group, the BIA correctly concluded that they are not eligible for asylum or withholding of removal.

IV.

To establish entitlement to relief under the CAT, a petitioner must prove that it is more likely than not they will be tortured with the consent or acquiescence of public officials if they return to the country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Although the petitioners claim that Honduran law enforcement officials fail to intervene to protect women from domestic violence, the

No. 20-60449

record reflects that Soriano-Salinas only called the police on one occasion, that she voluntarily dismissed her criminal complaint, and that the police encouraged her to press charges. The petitioners have introduced evidence addressing the effects of domestic violence, the severe risk of emotional and psychological harm that Soriano-Salinas would suffer if forced to return to Honduras, and the unwillingness of Honduran police to protect women and children who experience domestic violence. This evidence tests the BIA's finding that the petitioners failed to demonstrate that it was more likely that not that they would be tortured with government acquiescence if forced to return to Honduras, but it does not compel a contrary result. *See Martinez-Lopez*, 943 F.3d at 769.

## V.

Because the petitioners have not presented a cognizable social group, and because the BIA's denial of CAT relief is supported by substantial evidence, the petition for review is DENIED.